Richard M. Gardella, Esq. Village Attorney, Scarsdale
I am writing in response to your request for an opinion as to whether a village by local law may empower and authorize a school security guard to issue and serve appearance tickets with respect to traffic offenses on school grounds.
Regulation and control of streets and highway traffic within a municipality is a matter of State concern and is a governmental function exclusively within the power of the State as sovereign, except to the extent the Legislature has delegated such powers to political subdivisions and municipal corporations (People v Grant, 306 N.Y. 258,260 [1954]). The provisions of the Vehicle and Traffic Law are applicable and uniform throughout the State (Vehicle and Traffic Law, § 1600). Local governments are prohibited from enforcing any local law, ordinance, rule or regulation in conflict with or superseding the Vehicle and Traffic Law unless expressly authorized by statute to do so (ibid.).
Section 1670 of the Vehicle and Traffic Law grants local governments the authority to regulate traffic and parking
 "with respect to driveways or parking fields accessory to any school, playground, park, minicipal building, installation or facility, and under the jurisdiction of such local authority or school district for general regulatory or custodial purposes" (Vehicle and Traffic Law, § 1670).
Thus, the power to regulate traffic on school grounds has been delegated to local governments.
With regard to enforcement of those local laws by means of the issuance of appearance tickets, the Criminal Procedure Law provides, inter alia,
as follows:
 "An appearance ticket is a written notice issued and subscribed by a police officer or other public servant authorized by state law or local law enacted pursuant to the provisions of the municipal home rule law to issue the same, directing a designated person to appear in a designated local criminal court at a designated future time in connection with his alleged commission of a designated offense" (Criminal Procedure Law, § 150.10).
* * *
 "A public servant other than a police officer, who is specially authorized by state law or local law enacted pursuant to the provisions of the municipal home rule law to issue and serve appearance tickets with respect to designated offenses of less than felony grade, may in such cases issue and serve upon a person an appearance ticket when he has reasonable cause to believe that such person has committed a misdemeanor, or has committed a petty offense in his presence" (id., § 150.20[3]).
The provision of the Municipal Home Rule Law referred to above provides in relevant part as follows:
 "In the exercise of its powers to adopt and amend local laws, the legislative body of a local government shall have power:
 "(a) To delegate to any officer or agency of such local government the power to adopt resolutions or to promulgate rules and regulations for carrying into effect or fully administering the provisions of any local law and to authorize issuance of an appearance ticket by a public servant who, by virtue of office, title or position is authorized or required to enforce any statute, local law, ordinance, rule or regulation relating to parking, licensing of occupations or businesses, fire prevention and safety, health and sanitation, and building, zoning and planning; provided however, that a peace officer may be authorized to issue an appearance ticket relating to enforcement of any statute, local law, ordinance, rule or regulation affecting the public health, safety and welfare" (Municipal Home Rule Law, § 10[4][a]).
Thus, a village board of trustees may authorize the issuance of appearance tickets by an officer or employee of the village having responsibility for enforcement of parking regulations. The village trustees, under section 1670 of the Vehicle and Traffic Law, may delegate to this public servant the responsibility to regulate parking on school grounds and to issue appearance tickets to violators. The village trustees, however, are not authorized to delegate this ticket-issuing power to school crossing guards because they are employees of the school district, not of the village.
Accordingly, we conclude that a village board may authorize the issuance of appearance tickets to enforce traffic regulations. The board may not, however, delegate the authority to enforce these local laws and issue these appearance tickets to anyone other than village officials.